CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAR 10 2010

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KOA DANETTE MACK,<br>Petitioner, | Civil Action No. 7:10-cv-00104 |
| v. | MEMORANDUM OPINION |
| RONALD ANDREW BASSFORD,<br>Respondent. | By: Hon. Glen E. Conrad<br>United States District Judge |

Petitioner Koa Danette Mack, a federal inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Upon consideration of the petition, the court is of the opinion that it should be filed and summarily dismissed without prejudice for lack of jurisdiction.

I

Petitioner Mack pleaded guilty in this court to two related charges involving possession of crack cocaine with intent to distribute and possession of a firearm related to the drug crime. The court sentenced her to 262 months imprisonment. Judgment entered on July 30, 2008. Mack did not appeal. Mack is incarcerated at the Federal Correctional Institution (FCI) in Danbury, Connecticut, a low security facility for female inmates.

In her current petition, Mack alleges that her attorney failed to raise various motions, including Fourth Amendment arguments related to the evidence against her, before advising her to plead guilty and that the court made certain errors. In raising these challenges to her conviction and sentence, Mack utilizes a written form designed for inmates bringing a § 2241 petition. Just under the heading, in parentheses, the form indicates that it should not be used "as a § 2254 or § 2255."

## II

Generally, a prisoner may seek judicial review of her confinement under 28 U.S.C. § 2241 only in the district court with territorial jurisdiction over the facility in which she is confined. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Mack is not confined within the jurisdiction of this court. Therefore, the appropriate court to address her § 2241 claims is the United States District Court for the District of Connecticut, and this court has no jurisdiction to do so.

The court could transfer the § 2241 case, but does not find such an action to be in the interests of judicial efficiency, because it does not appear that Mack has stated any claim actionable under § 2241. If a federal inmate wishes to challenge the validity of her sentence as imposed, she must ordinarily proceed by filing a motion under 28 U.S.C.A. § 2255 in the court in which she was convicted. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Under very limited circumstances, an inmate may challenge the legality of the conviction or sentence by filing a petition for a writ of habeas corpus, pursuant to § 2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

§ 2255(e) (emphasis added). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of

2

which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

Mack cannot satisfy the In re Jones standard. She does not allege that any change in substantive law since her conviction has made it legal to possess large amounts of crack cocaine with the intent to sell them to others or to possess a firearm in such a setting, and the court is not aware of any such change in law.

Finally, the court could construe Mack's petition as a § 2255 motion. However, because she failed to file her claims within one year of judgment, it appears to be untimely as a § 2255 motion, pursuant to § 2255(f)(1). Moreover, as part of her plea agreement, Mack waived her right to collaterally attack her conviction or sentence by filing a § 2255 motion. Finally, she filed her claims on a form that expressly states that it is not to be used in filing § 2255 claims. For these reasons, the court will not construe her current petition as a § 2255 motion.

III

As petitioner is not confined within the territorial jurisdiction of this court, her § 2241 petition must be dismissed without prejudice for lack of jurisdiction. An appropriate order shall be issued this day.

The Clerk of the Court is directed to send copies of this memorandum opinion and final order to petitioner.

ENTER: This 10th day of March, 2010.

_____
United States District Judge